UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAUT BIRCEVIC,

    Plaintiff,

Civil No. 09-10050
Hon. John Feikens

    v.

MICHIGAN ARMY NATIONAL GUARD,
an agency of the UNITED STATES OF
AMERICA; and ANDREW SPENCER
HARBISON, a member of the MICHIGAN
ARMY NATIONAL GUARD,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT MICHIGAN ARMY NATIONAL GUARD'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND DISMISSING THE COMPLAINT IN ITS ENTIRETY**

    Before me is Defendant Michigan Army National Guard's Motion to Dismiss for Lack of Subject Matter Jurisdiction. For the reasons set forth below, I GRANT Defendant Michigan Army National Guard's Motion to Dismiss. Additionally, I DISMISS the complaint against the remaining Defendants for lack of subject matter jurisdiction.

**STATEMENT OF FACTS**

    Plaintiff Daut Bircevic is a resident of Macomb County Michigan. Defendant Andrew Harbison is a resident of Oakland County, Michigan, and is a member of the Defendant Michigan Army National Guard. Plaintiff brings claims against the Defendant Michigan National Guard under the Federal Tort Claims Act, 28 U.S.C. § 2674.

    Plaintiff's claim arises out of a motor vehicle accident that occurred on the morning of

January 7, 2006. Plaintiff, a truck driver, was driving westbound on I-96 in Brighton, Michigan. Plaintiff became concerned about the icy condition of the roads, and pulled over to the right shoulder and put his flashers on. He attempted to make a call to his employer to inform him that delivery of the goods he was carrying would be delayed due to icy road conditions; however, he was unable to obtain phone service inside his truck. He exited and proceeded toward the rear of the truck to place flashers or cones behind it to alert the other drivers that he was pulled over on the shoulder.

At the same time, Defendant Harbison was driving his vehicle westbound on I-96. Plaintiff alleges that Harbison was driving too fast given the icy road conditions, causing him to lose control of his vehicle. Harbison's vehicle collided with the Plaintiff's truck. Plaintiff's truck then hit Plaintiff, sending him flying into a nearby ditch and causing serious injuries. Plaintiff claims that Defendant Harbison's negligence caused the crash.

Additionally, Plaintiff claims that Defendant Michigan Army National Guard is vicariously liable for the acts of Defendant Harbison under a theory of *respondeat superior*. Plaintiff claims that Defendant Harbison was driving with two passengers, also Michigan Army National Guard soldiers, to report for weekend drill duty. Plaintiff claims that Defendant Harbison was a federal employee and has sued the Michigan Army National Guard as an agency of the United States of America.

Defendant Michigan Army National Guard has brought a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## DISCUSSION

A United States district court must have at least one of three types of subject matter

jurisdiction to entertain an action: (1) jurisdiction pursuant to a statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party invoking the Court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction.  Walburn v. Lockheed Martin Corp., 431 F.3d 966, 970 (6th Cir. 2006). However, even if the issue is not raised by a party, a federal court "has an independent obligation to determine whether [it] has subject matter jurisdiction."  Todd v. Weltman, Weinberg, & Reis Co., LPA, 434 F.3d 432, 435 (6th Cir. 2006).

Statutory Grant of Jurisdiction under 28 U.S.C. § 1346(b)

Plaintiff brings his claims under the Federal Tort Claims Act, 28 U.S.C. § 2674.  The Federal Tort Claims Act authorizes suits against the United States for monetary damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claim in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The United States district courts have exclusive jurisdiction over civil actions on claims against the United States.  28 U.S.C. 1346(b).

Plaintiff alleges that Defendant Michigan Army National Guard is an agency of the United States and Defendant Harbison is an employee of the United States.  The Supreme Court has held that individuals who enlist in a State National Guard simultaneously enlist in the National Guard of the United States; however, "unless and until ordered to active duty in the Army, they [retain] their status as members of a separate State Guard Unit."  Perpich v. Dep't of Defense, 496 U.S. 334, 345 (1990).  Members of State National Guard Units not in federal

service are not employees of the United States within the meaning of the Federal Tort Claims Act.  See Boyer v. Chaloux, 288 F.Supp. 366, 369 (N.D.N.Y. 1968).

Defendant Michigan Army National Guard has submitted an affidavit from Captain Kevin L. Weise, who serves as Captain and Deputy General Counsel with the Michigan National Guard.  Captain Weise states in his affidavit that the unit to which Defendant Harbison belonged was not federalized on January 7, 2006.  Since his unit was not federalized, Defendant Harbison was not an employee of the United States at the time of the accident.  Because Harbison was not an employee of the United States, the Federal Tort Claims Act, 28 U.S.C. 1346(b) does not provide a basis for jurisdiction in this Court.

Federal Question Jurisdiction

Federal question jurisdiction exists if a claim in a civil action arises "under the laws, Constitution, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's claims arise out of codified Michigan law and Michigan common law.  Therefore, federal question jurisdiction does not exist.

Diversity Jurisdiction

Diversity jurisdiction exists if there is complete diversity between the parties and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332.  In this case, Plaintiff Bircevic and Defendant Harbison are both residents of the state of Michigan and Defendant Michigan Army National Guard is a state agency.  Thus, the requirement that of complete diversity is not met, and diversity jurisdiction does not exist.

Eleventh Amendment

Additionally, even if this Court had jurisdiction over the Plaintiff's claims, the Michigan Army National Guard would be entitled to dismissal based on sovereign immunity under the Eleventh Amendment. U.S. Const. amend. XI. The Eleventh Amendment protects the States from suits by their own citizens. <u>Tennessee Student Assistance Corp. V. Hood</u>, 541 U.S. 440, 446 (2004). Additionally, this protection is extended to state officials because "a suit against a state official in his or her official capacity is not a suit against the officer, but rather is a suit against the official's office. As such, it is not different from a suit against the State itself." <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71. Therefore, even if this Court had subject matter jurisdiction, both the Michigan Army National Guard and Spencer Harbison in his official capacity as a member of the Michigan National Guard would be immune from suit based on the Eleventh Amendment.

## **CONCLUSION**

Based on the reasons set forth above, I DISMISS the Complaint in its entirety based on lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date:     June 11, 2009                              s/John Feikens
                                                    United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on June 11, 2009, by U.S. first class mail or electronic means.
>
>                    s/Carol Cohron
>                    Case Manager